**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:09CV-P352-S**

**GLENN D. ODOM**                                                                                              **PLAINTIFF**

v.

**KENTUCKY STATE REFORMATORY** *et al.*                                                **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Glenn D. Odom, a convicted inmate currently incarcerated at the Louisville Metro Department of Corrections, brings this suit against the Kentucky State Reformatory ("KSR") and seven of its officers and employees in their individual and official capacities. He alleges an illegal strip search upon his arrival at KSR on June 20, 2008, retaliation for filing grievances, and unsanitary conditions of confinement. He asserts constitutional violations pursuant to 42 U.S.C. § 1983, a violation of 42 U.S.C. § 1985, and negligent and intentional infliction of emotional distress. As relief, Plaintiff seeks compensatory and punitive damages and injunctive and declaratory relief.

The Court must now undertake an initial screening of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Under § 1915A, the Court must dismiss "the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

Upon consideration, the Court will dismiss all claims against the Kentucky State Reformatory and the damages claims against all other Defendants in their official capacity on two bases. First, the state officials sued in their official capacities for damages and the Kentucky State Reformatory[1] are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Daleure v. Commonwealth of Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ( "The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit."). Second, none of the Defendants are "persons" subject to suit within the meaning of § 1983. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Accordingly, the Court will dismiss these claims by separate Order.

The Court will allow the complaint to continue in all other respects against the following KSR Defendants in their official capacities for equitable relief and in their individual capacities for all relief: Warden Larry Chandler; Deputy Warden of Security Clark Taylor; Grievance Coordinator Brian Ward; Psychiatrist Tanya Young; and Corrections Officers Rose, Engold, and Beckham. In permitting the complaint to proceed, the Court passes no judgment on the merit and ultimate outcome of the action.

---

[1] The Kentucky Department of Corrections is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250.

The Court will enter a separate Scheduling Order governing the development of the continuing claims.

Date:

cc: Plaintiff, *pro se*
　　Defendants
　　General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.005